# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIAN M. AQUINO, | CASE NO. 1:08-cv-01639 AWI DLB PC |
| Plaintiff, | ORDER STRIKING UNSIGNED MOTION |
| v. | (Doc. 21) |
| DR. GODWIN UGWVEZE, | |
| Defendant. | |

Plaintiff Dorian M. Aquino ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On June 24, 2009, Plaintiff filed an unsigned motion requesting a court order commanding the mailroom sergeant provide him with signatures of all incoming legal mail. (Doc. 21.)

The Court cannot consider unsigned filings. Local Rule 7-131; Fed. R. Civ. P. 11(a). Accordingly, the unsigned motion is HEREBY STRICKEN from the record.[1]

---

[1] Even if the Court could consider the motion, this action is proceeding against defendant Ugwveze for deliberate indifference to a serious medical need, in violation of the Eighth Amendment. The events giving rise to this action occurred at Wasco State Prison. (Doc. 15.)
    The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.
    Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley

1
2      IT IS SO ORDERED.
3      Dated:    **June 26, 2009**                    **/s/ Dennis L. Beck**
                                                UNITED STATES MAGISTRATE JUDGE
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23  ─────────────────────
24  Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006).  If the court does not have an actual case or controversy before it, it has no power to hear the matter in question.  Id.  "A federal court may issue an injunction *if* it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may *not* attempt to determine the rights of persons not before the court."  Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).
25
26           In this instance, the events at issue in this action arose while Plaintiff was incarcerated at Wasco State Prison.  (Doc. 15.)  Plaintiff is currently housed at California Substance Abuse Treatment Facility in Corcoran and the order sought is aimed at remedying his current conditions of confinement at that prison.  The court does not have jurisdiction in this action to issue the order sought, as the case or controversy requirement cannot be met in light of the fact that the issues plaintiff seeks to remedy in his motions bear no relation to the past events at Wasco State Prison giving rise to this suit.
27
28