# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIAN M. AQUINO, | CASE NO. 1:08-cv-01639-AWI-SKO PC |
| Plaintiff, | ORDER RE MOTIONS |
| v. | (Docs. 35, 36, 39) |
| DR. GOODWIN UGWVEZE, et al., | |
| Defendants. / | |

Plaintiff Dorian M. Aquino ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On March 26, Plaintiff filed a motion to compel. (Doc. #36.) Plaintiff filed a second, similar motion to compel on April 9, 2010. (Doc. #39.) Defendants filed an opposition to Plaintiff's first motion to compel on March 31, 2010. (Doc. #37.) On March 19, 2010, Plaintiff filed a "Motion for Settlement." (Doc. #35.)

**I.   Discussion**

    **A.   Motions to Compel**

Plaintiff's motions to compel requests that the Court compel Defendants to produce certain documents relevant to this litigation. Plaintiff's motions are procedurally deficient and will be denied. Plaintiff has failed to present critical facts that would enable the Court to evaluate whether Plaintiff's requests were appropriate or whether Defendants' objections were justified. Plaintiff did not attach the original document production request that he served on Defendants to his motion. Plaintiff did not attach Defendants' response to Plaintiff's document production request to his

///

motion. Plaintiff has not addressed Defendants' objections to Plaintiff's requests and has not made any attempt to demonstrate how Defendants' objections are unjustified.

Defendants also argue that Plaintiff's motion to compel refers to requests that Plaintiff has not propounded on the Defendants. Plaintiff may not file a motion to compel production of a document that he has not yet requested from Defendants directly.

Plaintiff's motion will be denied without prejudice. Plaintiff is encouraged to make a good faith effort to meet and confer with Defendants to resolve any disputes without the Court's assistance. Federal Rule of Civil Procedure 37(a)(1). If the parties are unable to resolve the discovery disputes, Plaintiff may re-file a motion to compel. Federal Rule of Civil Procedure 37(a). Plaintiff is cautioned that filing a motion to compel that is not substantially justified may result in an order requiring Plaintiff to pay Defendants for the reasonable expenses incurred in opposing Plaintiff's motion, including attorney's fees. Federal Rule of Civil Procedure 37(a)(5)(B).

If Plaintiff chooses to file a motion to compel, Plaintiff is advised that such motion must individually address each request made by Plaintiff. Plaintiff may not file a motion to compel that generally and vaguely argues that all of Defendants' responses are unjustified. Plaintiff may not file a motion to compel that fails to reproduce Plaintiff's original request to the Defendants and Defendants' response to Plaintiff's request. Plaintiff must address each request individually by reciting the original request made by Plaintiff and reciting the response or objections raised by Defendants to that request. For each request and response being challenged, Plaintiff must present persuasive arguments that demonstrate why each objection made by Defendants is not justified. Plaintiff must also attach a copy of his original discovery requests and a copy of Defendants' responses to his motion to compel. Finally, Plaintiff may not propound new document production requests through a motion to compel.

**B.    Motion for Settlement**

Plaintiff's March 19, 2010 "Motion for Settlement" simply states that "Plaintiff Dorian M. Aquino requesting[sic] an out of court settlement for case # 1:08-cv-01639-AWI-DLB (PC)." Plaintiff cannot unilaterally request settlement of this case. Both parties must agree to the terms of settlement. Further, the Court will not order the parties to attend a settlement conference unless both

parties consent.  Plaintiff is advised to communicate with Defendants regarding Defendants' amenability to a settlement.  Plaintiff's motion will be denied.

## II.     Conclusion and Order

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motions to compel, filed on March 26, 2010 and April 9, 2010, are DENIED; and

2. Plaintiff's "Motion for Settlement," filed on March 19, 2010, is DENIED.

IT IS SO ORDERED.

**Dated:     June 4, 2010**                              /s/ Sheila K. Oberto
                                                UNITED STATES MAGISTRATE JUDGE