# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIAN M. AQUINO,<br><br>    Plaintiff,<br><br>    v.<br><br>DR. GOODWIN UGWVEZE, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:08-cv-01639-AWI-SKO PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BE GRANTED<br><br>(Doc. 43)<br><br>OBJECTIONS DUE WITHIN 30 DAYS |

Plaintiff Dorian M. Aquino ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On July 7, 2010, Defendant Ugwveze filed a motion for summary judgment. (Doc. #43.)

**I.**    **Background**

    **A.**    **Plaintiff's Claims**

This action proceeds on Plaintiff's first amended complaint filed on June 8, 2009. (Doc. #15.) Plaintiff alleges that Defendant Godwin Ugwueze violated Plaintiff's Eighth Amendment rights through his deliberate indifference toward Plaintiff's serious medical needs. Plaintiff allegedly informed Ugwueze that he had epilepsy and took Tegretol and Klonopin to control his seizures. However, Ugwueze only prescribed Tegretol. Plaintiff suffered a "Grand Mall Seizure" on May 5, 2008, which caused injury to his back and head. After the seizure, Ugwueze allegedly "still refused to prescribe the proper medication to control [Plaintiff's] seizure disorder." (First Am. Compl. 3, ECF No. 15.)

1

On May 10, 2008, Plaintiff suffered another "Grand Mall Seizure," causing a laceration on Plaintiff's forehead and injury to his back. Plaintiff claims that Ugwueze's failure to prescribe Plaintiff's requested medications constitutes deliberate indifference toward Plaintiff's serious medical needs.

### B.    Defendant's Motion for Summary Judgment

Defendant argues that he is entitled to summary judgment because Plaintiff has no evidence that seriously challenges Ugwueze's medical decisions and cannot establish a genuine issue of material fact as to whether Ugwueze acted with deliberate indifference. Defendant argues that Plaintiff can only prevail on his Eighth Amendment claim if he can demonstrate that the course of treatment chosen by Ugwueze was medically unacceptable under the circumstances and that Ugwueze chose Plaintiff's course of treatment in conscious disregard of an excessive risk to Plaintiff's health. Defendant predominantly relies on his own declaration as evidence in support of his motion for summary judgment.

Plaintiff's complaint alleges that Ugwueze failed to prescribe Klonopin for Plaintiff's seizures. Ugwueze argues that Plaintiff's prescription for Klonopin had already been discontinued and Ugwueze merely continued the medications that were already prescribed to Plaintiff. Plaintiff had been off Klonopin for seven months at the time of his transfer to Wasco, which was sometime in March 2008. Ugwueze argues that Plaintiff's first seizure occurred four days before he was seen by Ugwueze. When Ugwueze saw Plaintiff, he conducted a physical examination, ordered blood work, and noted that Plaintiff's Tegretol levels were within the therapeutic range, albeit toward the lower end of the range. Ugwueze spoke with Plaintiff regarding his plan of care and recommended an increase in the dosage of Tegretol. Ugwueze also allegedly warned Plaintiff about the risks of taking Tegretol and Klonopin together and recommended an increase in the dosage of Tegretol rather than a combination of the drugs. Plaintiff allegedly agreed to the course of action.

Plaintiff's dose of Tegretol was increased from 400 milligrams twice a day to 600 milligrams twice a day. On May 10, 2008, Plaintiff did not receive one dose of Tegretol and suffered a seizure. When Ugwueze saw Plaintiff on May 12, 2008, he learned about the medication error. Ugwueze told Plaintiff that he would follow up with the health team to ensure the error did not occur again.

1  Ugwueze filed a medication error report with the chief pharmacist and discussed the incident with
2  her in person.
3       Ugwueze saw Plaintiff again On May 19, 2008. Plaintiff reported that he felt woozy and felt
4  the 600-milligram dosage was too much. Plaintiff told Ugwueze that he had a history of panic
5  attacks and had been given Klonopin in the past for the panic attacks. Ugwueze conducted a
6  physical examination and found no signs of an acute panic attack. Ugwueze reduced the dosage of
7  Tegretol to 500 milligrams and prescribed fiber tablets and Omeparzole for the abdominal symptoms
8  Plaintiff had reported.
9       Defendant argues that the decision to proceed with monotherapy, treatment with one anti-
10 seizure drug, was medically preferable for Plaintiff based on Defendant's education, training, and
11 experience. Defendant argues that "[i]t is preferable to maintain a patient on a single anticonvulsant
12 because this increases the probability of compliance, and limits side effects, including unanticipated
13 or unpredictable reactions." (Mem. of P. & A. in Supp. of Def. Godwin Ugwueze, M.D.'s Mot. for
14 Summ. J. 5:25-27, ECF No. 43.) Defendant also notes that optimizing the dose of Tegretol "has the
15 advantage of simplicity and less toxicity and avoids the problem of physical dependency which is
16 likely with Klonopin." (Mem. of P. & A. 3:12-15, ECF No. 43.)
17      **C.    Plaintiff's Opposition**
18      Plaintiff's opposition was filed on July 6, 2010, one day before Defendant's motion for
19 summary judgment was filed. (Doc. #43.) Plaintiff has failed to file anything else that could be
20 construed as an opposition to Defendant's motion. On three separate occasions after Defendant's
21 motion for summary judgment was filed, Plaintiff filed motions requesting the Court to rule on
22 Defendant's motion for summary judgment. (Docs. #44, 45, 46.) These filings foreclose any
23 argument that Plaintiff was unaware of the existence of Defendant's motion for summary judgment.
24 Since Plaintiff's pre-motion "opposition" is the only filing that could be construed as an opposition
25 to Defendant's motion for summary judgment, the Court will construe it as such.
26      Plaintiff argues that Ugqueze violated the Eighth Amendment because he ignored several
27 suggestions from Plaintiff regarding the proper medication to control Plaintiff's seizures. Plaintiff
28 claims that it was deliberately indifferent to withhold those medications after Plaintiff specifically

1 requested them. Plaintiff claims that he suffered a seizure on May 10, 2008 because Ugwueze only
2 prescribed Tegretol.

3      Plaintiff argues that "[a]ccording to medical experts Angel L. Gonzales M.D. and Dr. N.
4 Swarovski M.D. raising the Tegretol level when it is already within the theraputic[sic] range . . . does
5 nothing but increase the chances of Tegretol side effects such as bone marrow suppression,
6 hepititus[sic], and angranuloaytosis[sic]." (Pl.'s Mot. in Opp'n to Defendants[sic] Mot. for Summ.
7 J. 5:20-25, ECF No. 42.)

8 **II.**     **Summary Judgment Legal Standards**

9      Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the
10 movant shows that there is no genuine dispute as to any material fact and the movant is entitled to
11 judgment as a matter of law." Federal Rule of Civil Procedure 56(a). "[A] party seeking summary
12 judgment always bears the initial responsibility of informing the district court of the basis for its
13 motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and
14 admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence
15 of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

16      Entry of summary judgment is appropriate "against a party who fails to make a showing
17 sufficient to establish the existence of an element essential to that party's case, and on which that
18 party will bear the burden of proof at trial." Id. at 322. "A moving party without the ultimate
19 burden of persuasion at trial-usually, but not always, a defendant-has both the initial burden of
20 production and the ultimate burden of persuasion on a motion for summary judgment." Nissan Fire
21 & Marine Ins. Co. v. Fritz Companies, Inc., 210 F.3d 1099, 1102 (9th Cir. 2000). "In order to carry
22 its burden of production, the moving party must either produce evidence negating an essential
23 element of the nonmoving party's claim or defense or show that the nonmoving party does not have
24 enough evidence of an essential element to carry its ultimate burden of persuasion at trial." Id.

25      If the moving party meets its initial responsibility, the burden then shifts to the opposing
26 party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec.
27 Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence
28 of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is

1  required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery
2  material, in support of its contention that the dispute exists.  Federal Rule of Civil Procedure 56(c);
3  Matsushita, 475 U.S. at 586 n.11.  The opposing party must demonstrate that the fact in contention
4  is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson
5  v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors
6  Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such
7  that a reasonable jury could return a verdict for the nonmoving party, Wool v. Tandem Computers,
8  Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

9       In the endeavor to establish the existence of a factual dispute, the opposing party need not
10 establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual
11 dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at
12 trial."  T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary judgment is to 'pierce
13 the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"
14 Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963
15 amendments).

16      In resolving the summary judgment motion, the Court examines the pleadings, depositions,
17 answers to interrogatories, and admissions on file, together with the affidavits, if any.  Federal Rule
18 of Civil Procedure 56(c).  The evidence of the opposing party is to be believed, Anderson, 477 U.S.
19 at 255, and all reasonable inferences that may be drawn from the facts placed before the Court must
20 be drawn in favor of the opposing party, Matsushita, 475 U.S. at 587 (citing United States v.
21 Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam).  Nevertheless, inferences are not drawn out
22 of the air, and it is the opposing party's obligation to produce a factual predicate from which the
23 inference may be drawn.  Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal.
24 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).

25      Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show
26 that there is some metaphysical doubt as to the material facts.  Where the record taken as a whole
27 could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for
28 trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).

### III. Discussion

Defendant has carried his initial burden of persuasion on his motion for summary judgment. Defendant has submitted evidence establishing that Ugwueze did not act with deliberate indifference toward Plaintiff's serious medical needs.

The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious," and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).

The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities." Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective "sufficiently culpable state of mind" requirement is met when a prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A prison official acts with deliberate indifference when he or she "knows of and disregards an excessive risk to inmate health or safety." Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

"[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Estelle, 429 U.S. at 105. In order to state an Eighth Amendment claim based on deficient medical treatment, a plaintiff must show: (1) a serious medical need, and (2) a deliberately indifferent response by the defendant. Conn v. City of Reno, 572 F.3d 1047, 1055 (9th Cir. 2009) (quoting Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)). A serious medical need is shown by alleging that the failure to treat the plaintiff's condition could result in further significant injury, or the unnecessary and wanton infliction of pain. Id. A deliberately indifferent response by the defendant is shown by a purposeful act or failure to respond to a prisoner's pain or possible medical

6

need and harm caused by the indifference. Id. In order to constitute deliberate indifference, there must be an objective risk of harm and the defendant must have subjective awareness of that harm. Id.

Plaintiff claims that Ugwueze prescribed only Tegretol knowing that the failure to prescribe Klonopin would pose a serious risk to Plaintiff's health. Plaintiff's claim is therefore based on a difference of medical opinion. However, a mere difference of medical opinion is generally insufficient to establish deliberate indifference. Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004). To prevail, Plaintiff must demonstrate that Ugwueze's decision to prescribe only Tegretol, rather than the combination of Tegretol and Klonopin, was medically unacceptable under the circumstances and was chosen in conscious disregard of an excessive risk to Plaintiff's health. Id.

Plaintiff has failed to submit any admissible evidence in support of his contention that the decision to prescribe only Tegretol was medically unacceptable. The Court can only consider admissible evidence when ruling on a motion for summary judgment. Federal Rule of Civil Procedure 56(c)(2); Orr v. Bank of America, 285 F.3d 764 (9th Cir. 2002). Any affidavit or declaration used to support or oppose a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Federal Rule of Civil Procedure 56(c)(4).

The Court construes Plaintiff's verified complaint and verified opposition as affidavits from Plaintiff, for the purpose of resolving Defendant's motion for summary judgment. See Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004) ("because [the plaintiff] is pro se, we must consider as evidence in his opposition to summary judgment all of Jones's contentions offered in motions and pleadings, where such contentions are based on personal knowledge and set forth facts that would be admissible in evidence, and where [the plaintiff] attested under penalty of perjury that the contents of the motions or pleadings are true and correct."). However, Plaintiff's testimony regarding the opinions of "medical experts Angel L. Gonzales M.D. and Dr. N. Swarovski M.D." are not admissible because they are hearsay. See Federal Rule of Evidence 801-802. If Plaintiff had submitted affidavits from Angel L. Gonzales or N. Swarovski, they may have been admissible

opinions from medical experts. However, Plaintiff cannot incorporate their opinions in his own affidavit or declaration because they become inadmissible hearsay.

Plaintiff's own opinions regarding the propriety of Ugwueze's chosen course of treatment are also inadmissible because Plaintiff does not have the necessary expertise to offer opinions regarding the propriety of a particular medical decision. Unless Plaintiff is testifying as an expert:

> [his] testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Federal Rule of Evidence 701. Opinions or inferences regarding whether the failure to prescribe Klonopin was medically unacceptable under the circumstances is not admissible lay witness testimony because it is based on "scientific, technical, or other specialized knowledge." Plaintiff cannot offer opinions or inferences with respect to "scientific, technical, or other specialized knowledge" unless he is "a witness qualified as an expert by knowledge, skill, experience, training, or education." Federal Rule of Evidence 702. Whether Plaintiff should have been prescribed Klonopin is a matter of opinion based on scientific, technical, or other specialized knowledge. Plaintiff has not demonstrated he is qualified to testify as a medical expert. Therefore, his opinions regarding the appropriateness of Ugwueze's medical decisions will be disregarded.

Since Plaintiff's statements regarding the purported medical opinions of Angel L. Gonzales and N. Swarovski are inadmissible and his own medical opinions regarding the propriety of Ugwueze's medical decisions are inadmissible, Plaintiff has no evidence to support his contention that Defendant Ugwueze's actions were medically unacceptable. As Plaintiff has no substantial evidence in support of a material element of his claim, Defendant is entitled to summary judgment.

## IV.    **Conclusion and Recommendation**

The Court finds that Plaintiff has failed to establish a genuine issue of material fact with respect to whether Defendant Ugwueze acted with deliberate indifference. Plaintiff has failed to present sufficient admissible evidence regarding whether Ugwueze's chosen course of treatment was medically acceptable.

Based on the foregoing, it is HEREBY RECOMMENDED that Defendant Ugwueze's motion for summary judgment be GRANTED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:**     December 13, 2010                     /s/ Sheila K. Oberto
                                                           UNITED STATES MAGISTRATE JUDGE